# Borough of Easton, Plff. in Err. *v.* Abraham Walter.

The supplement of 1850 to the general road law, which made provision for the payment of damages to persons injured in their property by reason of the widening of a road or street, is applicable to the borough of Easton.

The method fixed for assessing the damages sustained by the property owner is the same as that prescribed in the opening of streets, *viz.:* Petition to the court of quarter sessions, appointment of viewers, and appeal to the court of common pleas and trial therein.

Since the adoption of the Constitution of 1874, the right to bring an action for such damages is not barred by the statute of limitations until six years from the time when the right of action accrued.

Such right of action does not accrue at the time of the adoption by the town council of the resolution to widen the street, but at the time of the actual widening of the street and taking of plaintiff's property.

The measure of damages for taking land in widening a street is the actual difference in the market value of the remaining property, between what it was prior to the widening of the street and what it is immediately subsequent thereto; and, for ascertaining such damages, consideration must be had, not only of the injury sustained, but also of any benefit that may have accrued to the property by such change.

(Decided March 22, 1886.)

Error to the Common Pleas of Northampton County to review a judgment for plaintiff in an action to recover damages for the taking of land in widening a street. Affirmed.

The facts and the case appear in the charge of the judge in the court below, by REEDER, J., as follows:

In this case Abraham Walter, the plaintiff, seeks to recover from the borough of Easton, of which he is a resident and in which he owns property, a certain sum of money to repay him for damages sustained by reason of the widening of Fourteenth street in that borough.

The defendant resists this claim, first, upon the ground that there is no law which permits a jury in the court of common pleas to award the plaintiff damages for injury sustained in the widening of a street. It contends that in the original charters

---

NOTE.—For the time at which the right of action accrues for widening or changing the grade of streets, see note to Freemansburg *v.* Rodgers, 6 Sad. Rep. 1.

and the supplements thereto, creating the borough of Easton, there is no authority vested in the municipal corporation for the widening of the streets of the borough, and no provision made anywhere for the payment of damages sustained by property owners along such street occasioned by such widening of a street.

While it is true that there is no special authority in any of the acts regulating and controlling the borough of Easton which directs the payment of damages to property owners living along the street for injuries sustained by reason of the widening of the street, yet it is also true that in 1832 the legislature of Pennsylvania passed an act which made the general road law of the commonwealth of Pennsylvania applicable to the borough of Easton.

The provisions of the act of 1832 not only made the general road law of Pennsylvania applicable to the borough of Easton as they said at the time of the passage of that act of assembly, but it also made all supplements to the general road law of the state, passed after that time, also applicable to the borough of Easton, and, as was held by this court in the case of Fegley v. Easton, the supplement of 1836 passed four years subsequent to the act of 1832, was applicable in all its provisions to the borough of Easton.

Under the general road law, at the time of the enactment of this act of 1832, of which I have just spoken, there was no provision anywhere for the payment to anybody of damages for injuries sustained by reason of the widening of a road or street.

But in 1850 an act of assembly was passed as a supplement to the general road law, which made provision for the payment of damages to persons injured in their property by reason of the widening of a road or street, and also prescribing that the method for ascertaining the damages sustained should be the same as in the case of the opening of roads.

That act of assembly was applicable to the borough of Easton by reason of the act of 1832, so that after the passage of the act of 1850 there was an act of assembly in existence which provided a method of ascertaining and determining the amount of damages sustained by reason of the widening of a street in the borough of Easton.

By the act, May 25, 1871, however, although authority had been previously conferred upon the borough of Easton, and although provision had been made by which the citizens or prop-

erty owners in the borough of Easton might recover damages for the widening of streets, yet by the act of May 25, 1871, the right was directly conferred upon the municipal corporation, upon the borough council, to widen the streets of the borough and to make such arrangements in relation to compromising damages sustained by persons injured thereby, as they may see fit.

It is true that the act of May 25, 1871, did not alter the law in relation to ascertaining and fixing damages. It simply created specifically the right to consider a street which was created generally by the act of 1850, and it confers the further power upon the borough council to compromise all claims for damages.

But it left the method of proceeding, where the effort at compromise was ineffectual and the proceedings were adverse, to the method already established by law, so that, where a person was injured by reason of the widening of a street, and the council was unwilling to pay him the amount of damages that he thought he had sustained, or where he was unwilling to accept the amount which was tendered to him by the borough council in satisfaction of the damages that he had sustained, he was then obliged to resort to the method that had been established prior to that time by law in order to enable him to recover the amount of damages which he had sustained by reason of the widening of the street.

That method was the same as that prescribed in the opening of streets, and was the method followed in this case, by petition to the court of quarter sessions, having viewers appointed, and from the verdict of the jury of viewers, if dissatisfied therewith, appealing to the court of common pleas and a trial therein. According to the understanding of the law by the court, we believe that there is abundant authority for this proceeding in this case under the law.

The defendant also contends that, if the position in regard to the remedy adopted by the plaintiff is wrong, nevertheless, the court should say to you that you should render a verdict in favor of the defendant because of the intervention of the bar of the statute of limitations.

Under the old road law, and prior to the adoption of the Constitution of the commonwealth of Pennsylvania of 1874, it was the law that all persons injured by reason of the altering or widening or opening of a street should bring their action for damages within one year from the time of such opening. After

the adoption of the new Constitution such distinction was abolished and the law now is the same in cases of that character, as it is in cases of any other character, and the bar of the statute does not intervene until after the expiration of six years from the time the right of action has accrued. So that if this damage had been sustained subsequent to the adoption of the new Constitution, the statute of limitations would not intervene nor operate as a bar until after the expiration of six years. If the right of action, however, had accrued before this adoption of the Constitution of 1874 the bar of the statute would intervene after the expiration of one year from the time the right of action had accrued.

So it becomes necessary for us to consider, in submitting this case to you, when the right of action did accrue, whether the injury sustained and the right to recover therefor by the plaintiff in this case arose upon the adoption of the resolution by the borough council directing that Fourteenth street should be widened, or whether it arose at the time of the actual or physical widening of the street.

It appears from the minutes of the town council of the borough of Easton that the resolution directing the widening of Fourteenth street was adopted upon November 14, 1873. It furthermore appears from the testimony in the cause that the actual opening or widening of the street did not occur until some time in 1882 or 1883. Some of the witnesses, I believe, testified that it was sometime in 1882 or 1883 that the actual physical widening of the street took place.

As a matter of law, the right of action of this plaintiff did not accrue by the adoption of the resolution of the town council, viz., upon November 14, 1873, but it arose upon the actual widening of the street and the actual taking possession of the plaintiff's land for such purpose at such time as the borough council may have taken it for the purpose of widening this street. You will remember when that was. According to the testimony of the witnesses, I think Mr. Young said that it was in 1882 or 1883; you will remember the testimony of Mr. Young, and will recollect how that was.

If, however, the actual taking of the land of the plaintiff, or if the actual widening of Fourteenth street by the borough council, was at any time within six years from the time of the filing of this petition, then the bar of the statute of limitations does

not intervene, and he would have a right to recover whatever damage he may have sustained by reason of the occupation of his land by the borough for the purpose of widening this street, or for any injury which they may have done to his adjoining property by reason of the widening of Fourteenth street.

The damage sustained is not the value of the land taken, it is the actual difference in the market value of his property between the time prior to the opening of the street and the time immediately subsequent thereto; that is to say, the difference between what it would sell for as it was and what it would sell for immediately after the street was opened, whatever that difference may be. The difference between those two values is the amount he would be entitled to by your verdict.

In arriving at the measure of damages you will take into consideration, not only the injury that was done to the market value of his property, but you must also take into consideration any benefit which may have accrued to it by reason of the change of grade to his property. It is very often the case that property is rendered more valuable; that, while a man's land may be taken for the purpose of opening a street, yet the very act of opening a street and giving him a large frontage upon a public thoroughfare which he may never have had before may very materially increase the value of his property, or it may increase the value of his property at the same time that it damages him in some other respect. If the damage is in excess of the benefit derived, the difference between the damages sustained and the benefit derived is the amount which he is entitled to by your verdict.

If you believe, in this case, that the plaintiff's property was in any way benefited, by reason of the widening of this street, then you will take that into consideration and deduct it from the amount representing the injury which he may have sustained. In order to arrive at the value, or in order to ascertain the difference between the market value of the property before the widening of the street and after the widening of the street, in determining that, you have no right to take into consideration any prospective uses of the property. You have no right to take into consideration, for instance, that it may be used at some time for certain purposes. But if, as it stood there at the time of the widening of this street, any injury was done to the property,—such injury as would destroy or affect or decrease its mar-

ket value,—then it is your duty to take it into consideration, for the purpose of determining the amount of damage that the plaintiff has sustained.

The evidence, you have heard. It is not the intention of the court to comment upon that. The evidence is short. The testimony varies as to the amount of damages from $50 to $400. It will be your duty to ascertain from the testimony, if you get to that point, what the amount of damages is that is sustained by the plaintiff, and, after fixing that amount, to record it by your verdict, if you think that any damage has been sustained, and that the right of action for the same has accrued within six years from the time of filing or presentation of the plaintiff's petition.

We say in this case that you will determine by your verdict the amount of the injury that has been sustained which, as we said before, is the difference in the market value of the property immediately before the street was widened and immediately thereafter. You will also determine by your verdict the time when the widening of the street took place. If you allow any sum of money at all, as damages, by your verdict, to the plaintiff in the cause, you will also allow him interest upon the amount which you find he is entitled to as damages if you think he is entitled to anything, from the time when the injury was occasioned until the present time.

The jury found for plaintiff, and from the judgment entered upon their verdict defendant brought error.

*Henry W. Scott* for plaintiff in error.

*H. S. Cavanaugh* and *H. J. Steele* for defendant in error.

PER CURIAM:

The facts of this case are undisputed. The law applicable thereto is correctly declared in the charge of the court. It follows there is no error in the record.

Judgment affirmed.